UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
WENDY TALDONE, THOMAS BRIKSZA,

               Plaintiffs,

          -against-

SUSAN BARBASH, ERIC KATZ,
MARIA AVITABLE, PETE HANNAH,
BARBARA FISHKIND, JAMIE WINKLER,
as individuals and/or employees and/or
owner/operators of South Shore Restoration
Group, HARBOUR CLUB, LLC, WINKLER
REAL ESTATE, DOES 1-12,

               Defendants.
---------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
14-CV-2147 (SJF)(AKT)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAY 05 2014   ★

**LONG ISLAND OFFICE**

       On April 3, 2014, *pro se* plaintiffs Wendy Taldone and Thomas Briksza ("plaintiffs")

filed: (1) a complaint in this Court against Susan Barbash ("Barbash"), Eric Katz ("Katz"),

Maria Avitable ("Avitable"), Pete Hannah ("Hannah"), Barbara Fishkind ("Fishkind"), Jamie

Winkler ("Winkler"), Harbour Club, LLC, Winkler Real Estate and twelve (12) unidentified

defendants named as "Does 1-12" (collectively, "defendants"), alleging state law claims seeking

damages for fraud, negligence, conspiracy to defraud, breach of contract and "malice" arising

from a residential lease agreement into which the parties entered in March 2013; and (2) an

application to proceed *in forma pauperis*. Since plaintiffs' financial status, as set forth in their

respective declarations in support of their applications to proceed *in forma pauperis*, qualifies

them to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1),

their applications to proceed *in forma pauperis* are granted. However, for the reasons set forth

below, the complaint is *sua sponte* dismissed pursuant to Rule 12(h)(3) of the Federal Rules of

Civil Procedure for lack of subject matter jurisdiction unless plaintiffs file an amended complaint in accordance with this Order.

## I. The Complaint[1]

The complaint asserts forty-nine (49) causes of action against defendants for fraud (first, eighth, fourteenth, twentieth, twenty-sixth, thirty-second, thirty-eighth and forty-fourth causes of action), breach of contract (second, fourth, ninth, eleventh, fifteenth, seventeenth, twenty-first, twenty-third, twenty-seventh, twenty-ninth, thirty-third, thirty-fifth, thirty-ninth, forty-first, forty-fifth and forty-seventh causes of action), negligence (third, tenth, sixteenth, twenty-second, twenty-eighth, thirty-fourth, fortieth and forty-sixth causes of action), conspiracy to defraud (fifth, twelfth, eighteenth, twenty-fourth, thirtieth, thirty-sixth, forty-second and forty-eighth causes of action) and malice (sixth, seventh, thirteenth, nineteenth, twenty-fifth, thirty-first, thirty-seventh, forty-third and forty-ninth causes of action), all arising from a contract into which the parties entered in March 2013, pursuant to which plaintiffs leased a residence in New York from defendants. (Compl. at 2, 6-28). Plaintiffs claim that defendants: (1) made misrepresentations to them concerning, *inter alia*, the condition of the premises and the scope of the lease, including the "property's habitability and the area of actual usage available to [them]," (Compl. at 6), "for the express purpose of inducing [them] to enter into * * * [the] contract to lease said property," (id. at 2-3, ¶ 3); (2) "refuse[] to maintain said property in accordance with

---

[1] All material allegations in the Complaint are assumed to be true for the purposes of this order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

the law," (id. at 3, ¶ 5), and to make necessary repairs; (3) "have repeatedly violated, and allowed other[s] to repeatedly violate [their] right to Quiet Enjoyment and Right to Peace and Privacy," (id. at 4, ¶ 9), and "have threatened and harassed [them] by claiming the right to enter the premises at any time they choose, and without any prior notice or consent," (id.); (4) "issued [them] a Move Out and Cleaning Cost Schedule and are threatening to hold [their] security money * * *," (id. at 4, ¶ 10); (5) required them to obtain homeowners insurance in excess of the value of the property that they leased; and (6) are threatening to evict them from the premises after informing them that they could stay beyond the lease date and accepting their advance payment of rent for the extra month. (Id. at 2-6).

Plaintiffs allege "Diversity and violations of Federal Laws" as the bases of this Court's jurisdiction, claiming "upon information and belief [that] the Plaintiffs and Defendant[s] are citizens of different States." (Id. at 1). However, plaintiffs allege only that they are residents of the State of New York, (id.), and they do not allege the citizenship of any of the defendants, although the addresses provided in the complaint for each defendant are in the State of New York. (Id. at 40-41). Moreover, although plaintiffs allege "other violations of the Laws, Statutes and Codes of the United States of America," (Id. at 1), they fail to identify any federal law allegedly violated by defendants. In addition, plaintiffs allege that "[j]urisdiction is also conferred on This Court as Defendant's [sic] conduct illegal activities across state lines, and in the furtherance of these on-going illegal activities and schemes, use the Federal Mail System, emails and interstate telephone lines." (Id.)

II.  Discussion

A.  Standard of Review

"Federal courts are courts of limited jurisdiction," Gunn v. Minton, — U.S. —, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quotations and citation omitted); Mims v. Arrow Financial Services, LLC, — U.S. —, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (holding that federal courts may not exercise jurisdiction absent a statutory basis); Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (holding that federal courts "possess only that power authorized by Constitution and statute * * *.") Although district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285,50 L. Ed. 2d 251 (1976)); Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest," Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted), lack of subject matter jurisdiction cannot be waived or forfeited and may be raised at any time by a party or by the court *sua sponte.*  See Gonzalez v. Thaler, — U.S. —, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012); see also Sebelius v. Auburn Regional Medical Center, — U.S. —, 133 S. Ct. 817, 824, 184 L. Ed. 2d 627 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy.") Indeed, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v.

4

Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); see also Fracasse

v. People's United Bank, — F.3d —, 2014 WL 1243811, at * 2 (2d Cir. Mar. 27, 2014) (holding

that federal courts must "conduct an independent inquiry into whether [they] have jurisdiction

over a matter before [they] proceed to address questions on the merits" and that "[i]f subject

matter jurisdiction is lacking and no party has called the matter to the court's attention, the court

has the duty to dismiss the action *sua sponte*." (quotations and citations omitted)). If a court

lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3);

Arbaugh, 546 U.S. at 514, 126 S. Ct. 1235; Fracasse, — F.3d —, 2014 WL 1243811, at * 2;

Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-3 (2d Cir.

2009).


B.    Subject Matter Jurisdiction

Regarding the original subject matter jurisdiction of federal courts, the Supreme Court

has held:

> "The basic statutory grants of federal-court subject-matter
> jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section
> 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for
> '[d]iversity of citizenship' jurisdiction. A plaintiff properly
> invokes § 1331 jurisdiction when she pleads a colorable claim
> 'arising under' the Constitution or laws of the United States. * * *
> She invokes § 1332 jurisdiction when she presents a claim between
> parties of diverse citizenship that exceeds the required
> jurisdictional amount, currently $75,000."

Arbaugh, 546 U.S. at 513, 126 S. Ct. 1235 (quotations and brackets in original; citation and

footnote omitted); see also Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013)

("Congress has granted district courts original jurisdiction over cases in which there is a federal

question, see 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, 28 U.S.C. § 1332.")

Even liberally construed, plaintiffs' complaint does not establish that this Court has subject matter jurisdiction under either Section 1331 or Section 1332.

### 1. Federal Question Jurisdiction

For subject matter jurisdiction to exist under Section 1331, the causes of action asserted in the complaint must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule * * *, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) (quotations, brackets and citation omitted); see also New York v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012) ("A cause of action arises under federal law only when the plaintiff's 'well-pleaded complaint' raises an issue of federal law."); Southern New England Telephone Co. v. Global NAPs Inc. ("SNET"), 624 F.3d 123, 132 (2d Cir. 2010) ("For the purpose of determining whether a district court has federal question jurisdiction pursuant to Article III [of the United States Constitution] and 28 U.S.C. § 1331, the jurisdictional inquiry depends entirely upon the allegations in the complaint and asks whether the claim as stated in the complaint arises under the Constitution or laws of the United States." (quotations and citation omitted)). In Gunn, the Supreme Court held:

> "For statutory purposes, a case can 'aris[e] under' federal law in
> two ways. Most directly, a case arises under federal law when
> federal law creates the cause of action asserted. * * * As a rule of

6

inclusion, this 'creation' test admits of only extremely rare exceptions, * * * and accounts for the vast bulk of suits that arise under federal law. * * *

But even where a claim finds its origins in state rather than federal law * * * we have identified a special and small category of cases in which arising under jurisdiction still lies. * * *

[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met * * *, jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. * * *"

Gunn, — U.S. —, 133 S. Ct. at 1064-65 (quotations and citations omitted).[2] With respect to the

third element of substantiality, "it is not enough that the federal issue be significant to the

particular parties in the immediate suit * * *." Id. at 1066. Rather, "[t]he substantiality inquiry *

* * looks instead to the importance of the issue to the federal system as a whole." Id.

---

[2] In Fracasse, the Second Circuit held:

"Three situations exist in which a complaint that does not allege a federal cause of action may nonetheless 'aris[e] under' federal law for purposes of subject matter jurisdiction: first, if Congress expressly provides, by statute, for removal of state law claims as it did in the PriceAnderson Act, 42 U.S.C. §§ 2011 et seq., * * *; second, if the state law claims are completely preempted by federal law, such as those that must be brought under the Labor Management Relations Act, 29 U.S.C. §§ 141 et seq., the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., or the National Bank Act, 12 U.S.C. §§ 21 et seq., * * *; and third, in certain cases if the vindication of a state law right necessarily turns on a question of federal law, * * *."

Fracasse, — F.3d —, 2014 WL 1243811, at * 2 (citations omitted). However, none of those situations exist in this case.

"A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331, * * *, may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Arbaugh, 546 U.S. at 513, n. 10, 126 S. Ct. 1235 (quotations and citation omitted); see also SNET, 624 F.3d at 132 (holding that a district court has federal question jurisdiction over any claim arising under the Constitution or laws of the United States "unless the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (quotations and citations omitted)). "The inadequacy of a federal claim is ground for dismissal for lack of subject-matter jurisdiction *only* when the claim is *so* insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." SNET, 624 F.3d at 133 (emphasis in original) (quoting In re Stock Exchanges Options Trading Antitrust Litigation, 317 F.3d 134, 150 (2d Cir. 2003)). "A federal claim is not 'insubstantial' merely because it might ultimately be unsuccessful on its merits." Id.

Plaintiffs allege only state law claims seeking damages for fraud, breach of contract, negligence, malice and conspiracy to defraud in their complaint, (Compl. at 6-28), and those state law claims do not necessarily implicate any substantial federal issue. "Because the [state law] claims do not necessarily raise a federal issue, the substantial federal question exception to the well-pleaded complaint rule does not apply." Shinnecock Indian Nation, 686 F.3d at 140-41. Plaintiffs' allegation that defendants violated unspecified "Federal Laws" is clearly immaterial and made solely for the purpose of obtaining federal question jurisdiction and, thus, is not a colorable federal claim sufficient to provide this Court with subject matter jurisdiction under

Section 1331.

Moreover, to the extent the complaint can be read to assert a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), that claim is so completely devoid of merit as not to involve a federal controversy since, *inter alia*: (1) plaintiffs do not (a) particularize the purported "illegal activities and schemes" they claim that defendants conducted "across state lines" through the use of "the Federal Mail System, emails and interstate telephone lines," (Compl. at 1), see <u>Lundy v. Catholic Health System of Long Island Inc.</u>, 711 F.3d 106, 119 (2d Cir. 2013) ("Plaintiffs must plead the alleged mail fraud with particularity, and establish that the mailings were in furtherance of a fraudulent scheme"), (b) allege what any particular defendant did to advance a RICO scheme, see <u>id.</u>, or (c) plead "particular details regarding the alleged fraudulent mailings" or communications, <u>id.</u>; and (2) the complaint does not allege any facts from which it may reasonably be inferred, *inter alia*, (a) that defendants engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1) and 1961(5), (b) that plaintiffs suffered any injury to their business or property as a result of a RICO violation by defendants or (c) that the purported mailings and communications were "in furtherance" of any fraudulent scheme. See <u>Id.</u> Accordingly, any RICO claim in the complaint is wholly insubstantial and frivolous and, thus, is not a colorable federal claim sufficient to provide this Court with subject matter jurisdiction under Section 1331.

Since the complaint does not allege any colorable claim arising under the Constitution or laws of the United States, this Court does not have federal question jurisdiction under Section 1331.

9

2.    <u>Diversity of Citizenship</u>

"[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (quoting <u>Mollan v. Torrance</u>, 22 U.S. 537, 6 L.Ed. 154, 9 Wheat. 537, 539 (1824)). This "time-of-filing" rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing [of the complaint]- whether the challenge [to jurisdiction] be brought shortly after filing, after the trial, or even for the first time on appeal." <u>Grupo</u>, 541 U.S. at 570-571, 124 S.Ct. 1920; <u>see also</u> <u>Herrick Co., Inc. v. SCS Communications, Inc.</u>, 251 F.3d 315, 329 (2d Cir. 2001) ("The existence of federal jurisdiction over a case initially filed in federal court ordinarily depends on the facts as they stood when the complaint was filed.") Since jurisdiction is measured as of the time the complaint was filed, events occurring subsequently are irrelevant to a determination of subject matter jurisdiction.

Section 1332 "require[s] complete diversity between all plaintiffs and all defendants." <u>Lincoln Property Co. v. Roche</u>, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005); <u>see also</u> <u>European Community v. RJR Nabisco, Inc.</u>, — F.3d —, 2014 WL 1613878 (2d Cir. Apr. 23, 2014). "[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." <u>Herrick Co.</u>, 251 F.3d at 322-323; <u>see also</u> <u>Conyers v. Rossides</u>, 558 F.3d 137, 143 (2d Cir. 2009), <u>cert. denied</u>, 133 S. Ct. 328, 184 L. Ed. 2d 241 (2012) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." (quotations and citation omitted)).

10

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Id. (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). "At any given time, a person has but one domicile." Id.

Harbour Club, LLC is a limited liability company. Limited liability companies and other unincorporated associations, e.g., partnerships, joint ventures, etc., take the citizenship of each of their members. See Grupo Dataflux, 541 U.S. at 569, 124 S. Ct. 1920 (holding that a partnership "is a citizen of each State * * * of which any of its partners is a citizen."); Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 48 (2d Cir. 2012) (holding that a limited liability company "takes the citizenship of each of its members.") The complaint does not allege who the members of Harbour Club, LLC are, nor the type of entity that Winkler Real Estate is, e.g., corporation, partnership, etc.[3]

Plaintiffs allege only the State of their residence, not the State of their citizenship or domicile, see, e.g. Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 567 (2d Cir. 2000) (finding that the plaintiffs "had failed adequately to allege diversity * * * [because] they had alleged only the residence, and not the citizenship (or domicile), of the parties"), and the allegations in the complaint are insufficient to establish the citizenship of any of the defendants. Plaintiffs' "failure to allege [the parties'] citizenship in a particular state is fatal to diversity jurisdiction." Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co., 224 F.3d

---

[3] If Winkler Real Estate is a corporation, it will be "deemed to be a citizen of every State * * * by which it has been incorporated and of the State * * * where it has its principal place of business * * *." 28 U.S.C. § 1332(c)(1); see also Bayerische Landesbank, 692 F.3d at 48.

11

139, 141 (2d Cir. 2000); see also Chicago, Burlington & Quincy Railway Co. v. Willard, 220

U.S. 413, 420-21, 31 S. Ct. 460, 55 L. Ed. 521 (1911) ("[W]hen jurisdiction depends upon

diverse citizenship, the absence of sufficient averments or of facts in the record showing such

required diversity of citizenship is fatal * * *.") Accordingly, this Court does not have diversity

of citizenship jurisdiction under Section 1332.

Nonetheless, "although a plaintiff premising federal jurisdiction on diversity of

citizenship is required to include in its complaint adequate allegations to show that the district

court has subject matter jurisdiction * * *, its failure to do so does not always require that the

action be dismissed, for 'the actual *existence* of diversity jurisdiction, *ab initio*, does not depend

on the complaint's compliance with these procedural requirements.'" Durant, 565 F.3d at 64

(quoting Jacobs, 230 F.3d at 568 (emphasis in original)). In other words, "an inadequate

pleading of diversity does not in itself constitute an actual defect of federal jurisdiction." Jacobs,

230 F.3d at 568, n. 3. Courts "generally afford an opportunity for amendment of the pleading to

cure defective jurisdictional allegations unless the record clearly indicates that the complaint

could not be saved by any truthful amendment * * *." Durant, 565 F.3d at 65. Accordingly, this

action is dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of

subject matter jurisdiction **unless on or before June 9, 2014, plaintiffs file an amended**

**complaint asserting: (1) the particular state of which they and each defendant are citizens**

**and that no defendant is a citizen of the same state as themselves; or (2) the particular**

**federal law(s) allegedly violated by defendants.**

Plaintiffs are advised, however, that pursuant to Rule 11(b) of the Federal Rules of Civil

Procedure:

12

"By presenting to the court a pleading * * *– whether by signing, filing, submitting, or later advocating it– an * * * unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: * * * (2) the claims * * * and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery * * *."

Plaintiffs are further advised that Rule 11(c) of the Federal Rules of Civil Procedure authorizes this Court to "impose an appropriate sanction on any * * * party that violate[s]" Rule 11(b), Fed. R. Civ. P. 11(c)(1), including "an order to pay a penalty into court * * *," Fed. R. Civ. P. 11(c)(4).

Alternatively, plaintiffs may pursue the claims asserted in this action against defendants in state court.

III.    Conclusion

For the aforementioned reasons, plaintiffs' applications to proceed *in forma pauperis* are granted and the complaint is *sua sponte* dismissed in its entirety pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction **unless plaintiffs file an amended complaint in accordance with this Order on or before June 9, 2014**. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

13

would not be taken in good faith and therefore in forma pauperis status is denied for the purpose

of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d

21 (1962).

SO ORDERED.                                  s/ Sandra J. Feuerstein

                                            Sandra J. Feuerstein
                                            United States District Judge

Dated: May 5, 2014
       Central Islip, New York