UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WENDY TALDONE, THOMAS BRIKSZA,

                   Plaintiffs,

-against-

SUSAN BARBASH, ERIC KATZ,
MARIA AVITABLE, PETE HANNAH,
BARBARA FISHKIND, JAMIE WINKLER,
as individuals and/or employees and/or
owner/operators of South Shore Restoration
Group, HARBOUR CLUB, LLC, WINKLER
REAL ESTATE, DOES 1-12,

                   Defendants.
------------------------------------------------------------X

**ORDER**
14-CV-2147 (SJF)(AKT)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUN 17 2014 ★

**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

On April 3, 2014, *pro se* plaintiffs Wendy Taldone and Thomas Briksza ("plaintiffs") filed: (1) a complaint in this Court against Susan Barbash ("Barbash"), Eric Katz ("Katz"), Maria Avitable ("Avitable"), Pete Hannah ("Hannah"), Barbara Fishkind ("Fishkind"), Jamie Winkler ("Winkler"), Harbour Club, LLC, Winkler Real Estate and twelve (12) unidentified defendants named as "Does 1-12" (collectively, "defendants"), alleging state law claims seeking damages for fraud, negligence, conspiracy to defraud, breach of contract and "malice" arising from a residential lease agreement into which the parties entered in March 2013; and (2) an application to proceed *in forma pauperis*. By order dated May 5, 2014, plaintiffs' applications for leave to proceed *in forma pauperis* were granted and plaintiffs were advised that their complaint would be *sua sponte* dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction unless they filed an amended complaint on or before June 9, 2014. Plaintiffs have not filed an amended complaint in accordance with the May

5, 2014 order, nor sought an extension of time to do so. Accordingly, for the reasons set forth in the May 5, 2014 order, the complaint is *sua sponte* dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: June 17, 2014
Central Islip, New York